# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:08cv23

| | |
|---|---|
| NELSON E. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DR. JOHN E. LATZ; MUNICIPALITY ) | |
| OF MOORESVILLE, NC; ) | |
| MOORESVILLE, N.C. POLICE DEPT.; ) | |
| LAKE NORMAN REGIONAL ) | |
| MEDICAL CENTER; THOMAS ) | |
| MASON, MD; JASON MUTCH, MD; ) | |
| and PAUL DARGE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## *ROSEBORO* NOTICE TO PLAINTIFF

**THIS MATTER** is before the court on defendants Municipality of Mooresville, NC's, Mooresville N.C. Police Dept.'s, and Paul Darge's Motion to Dismiss. Plaintiff is proceeding *pro se*.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that defendants have filed a motion to dismiss his Complaint and that in accordance with the Local Civil Rules of this court, plaintiff is required to file a response. The moving defendants have sought

dismissal on the following grounds:

(a) Failure to state a claim upon which relief can be granted;

(b) Failure to allege a basis for a claim on municipal entity liability;

(c) Because one or more of the moving Defendants lacks the legal capacity to be sued;

(d) Because one or more of the moving Defendants is protected by the doctrine of governmental/sovereign immunity;

(e) Because one or more of the moving Defendants is entitled to qualified immunity as to the claims alleged in the Complaint under Federal law;

(f) Because one or more of the moving Defendants is entitled to the protection of the doctrine of Public Officers immunity as to certain claims alleged in the Complaint under State law;

(g) Based upon the expiration of the applicable statute of limitations and repose.

While other rules may also be applicable, plaintiff is advised that Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In this case, the moving defendants contend - - among other reasons - - that no cause has been stated under 42, United States Code, Section1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a cause of action under Section 1983, plaintiff must allege deprivation of a right secured by the Constitution or other law of United States by a person acting under color of state law. Where that "person" is a municipality, such as the City of Mooresville, a plaintiff must allege that the alleged deprivation resulted from the execution of the local government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, and that injury was inflicted as a result. Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987).

Plaintiff is advised that he must file a written response to the defendants' Motion to Dismiss within 14 days of the date this Order is entered. Plaintiff is cautioned that while he has the right to represent himself, his legal interests are best protected by an attorney.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendant

Municipality of Mooresville, NC's, Mooresville N.C. Police Dept.'s, and Paul Darge's Motion to Dismiss within 14 days of the filing of this Order.

Signed: April 30, 2008

Dennis L. Howell
United States Magistrate Judge