IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:08CV23-V

| | |
|---|---|
| NELSON E. BROWN,<br>      Plaintiff,<br><br>      v.<br><br>DR. JOHN E. LATZ, MUNICIPALITY OF<br>MOORESVILLE, N.C. POLICE DEPT.,<br>LAKE NORMAN REGIONAL MEDICAL<br>CENTER, THOMAS MASON, M.D., JASON<br>MUTCH, M.D., PAUL DARGE,<br>      Defendants. | )<br>)<br>)<br>)   **Memorandum and Order**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on multiple motions to dismiss filed by Defendants. (Documents ##11, 15, 17, 26) Despite being provided additional time to respond on at least two different occasions, Plaintiff, who is acting *pro se*, has not submitted any response or reply to Defendants' Rule 12 motions, consolidated or otherwise, to date.[1] (Documents ##25, 29) In addition, Plaintiff has not requested more time to respond beyond the most recent deadline imposed by the magistrate judge (*i.e.*, July 8, 2008), nor has Plaintiff sought leave to amend his Complaint. In other words, Plaintiff has not taken any action in support of the prosecution of his legal claims since June 2008. Accordingly, Plaintiff's case is subject to summary dismissal.

---

[1] Plaintiff was permitted by the magistrate judge to respond to all of the defense motions to dismiss in a single, consolidated response. (Document #25)

1

## I. Nature of Case

This case arises out of the involuntary hospitalization of Plaintiff Nelson E. Brown ("Brown") on March 9, 2005. Dr. John E. Latz ("Latz") was the physician who petitioned for the involuntary commitment of Plaintiff.

Plaintiff Brown commenced this civil action on March 10, 2008, alleging violations of federal and state law, including the Fourth and Fourteenth Amendments of the U.S. Constitution, and seeking compensatory and exemplary damages.[2] (Document #1)

Plaintiff alleges Latz "violated the Plaintiff's right to pursue his U.S. Constitution guaranteed priviledge[sic] of Life, Liberty, and pursuit of happiness, and protection from unreasonable and unlawful search and seizure." (Compl. ¶12) More specifically, Plaintiff's Complaint alleges that he was stopped by law enforcement officers at the intersection of I-77 South and NC 150, in Mooresville, North Carolina, at approximately 11:30 a.m. on March 9, 2005, after the officers reportedly received information that Plaintiff's vehicle was observed "weaving" on I-77. (Compl. ¶¶13, 87) Plaintiff alleges the officers ordered him to lock his vehicle and produce his Drivers License; Plaintiff was transported by law enforcement to Dr. Latz's office, located at 116 S. Main Street, Mooresville, North Carolina, and then to Lake Norman Regional Medical Center ("LNRMC "); that LNRMC was ordered to evaluate Plaintiff for possible mental illness and / or potential danger to self or others pursuant to N.C. GEN. STAT. §122C-261(d); that Plaintiff was forced to submit physically to various procedures at the hospital such as allowing a blood sample to be drawn, and producing a urine sample. (Compl. ¶¶13-16, 62-63, 65-66) Plaintiff seems to complain that

---

[2] On the same day, Plaintiff also initiated an identical civil action in state court within Iredell County, North Carolina. (*See* Case No.: 08 CVS 768 / LNRMC's Exh. 1)

Defendants' evaluation of Brown for possible mental illness exceeded the scope of authority provided for by the applicable statute and the Commitment / Custody Order. (Compl. ¶¶11, 27, 29, 32-34) Plaintiff also contends throughout the Complaint that his detention was "unlawful." (Compl. ¶¶8, 16, 34-37, 43, 60, 72, 87, 89) In addition, Plaintiff takes issue with his involuntary commitment experience and procedure generally and complains that the medical professionals and law enforcement personnel involved did not act "diligently." (Compl. ¶¶47, 75-76)

## II. Medical Malpractice Claim

In North Carolina, a "medical malpractice action" is defined as any "civil action for damages for personal injury . . . arising out of the furnishing or failure to furnish professional services in the performance of medical, dental or other health care by a health care provider." N.C. Gen. Stat. §90-21.11 (1995). An evaluation for mental health performed in connection with an involuntary commitment falls within the definition of "professional services" by healthcare providers. *See* Moore v. Pitt County Memorial Hosp., 139 F.Supp.2d 712, 713 (E.D.N.C. 2001) (plaintiff's negligence claim constituted a medical malpractice claim where the "professional services" complained of required "specialized knowledge and skills and reside[d] outside the realm of ordinary negligence identifiable by the average lay person."). Accordingly, the Court construes Plaintiff's allegations of "gross negligence" against Defendants as a medical malpractice claim.

The Court having construed Plaintiff's claim as such, Plaintiff's Complaint fails to satisfy the pleading requirements under North Carolina state law. Since Plaintiff's Complaint fails to affirmatively certify that review by a medical professional has occurred in accordance with Rule 9(j) of the North Carolina Rules of Civil Procedure, this claim must be dismissed. *See* Thigpen v. Ngo, 558 S.E.2d 162, 165 (N.C. 2002) ("Rule 9(j) clearly provides that "*[a]ny* complaint alleging medical

3

malpractice . . . *shall* be dismissed if it does not comply with the certification mandate.") (*emphasis in original*); Moore, *supra*.

### III. Section 1983 Claim

Plaintiff fails to allege facts to support the requisite state actor element under 42 U.S.C. §1983. *See* Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F.Supp.2d 636, 647 (M.D.N.C.2004) (Section 1983 plaintiff must establish that the alleged deprivation was committed under color of state law).

**a. Drs. Latz, Mason & Mutch**

Plaintiff's claims with respect to the individual Defendants are subject to dismissal given Defendants' status as private actors. The Fourth Circuit Court of Appeals has held that a health care provider who participates in detention / commitment proceedings authorized by state law is not deemed a state actor as a result of participation. *See* Hall v. Quillen, 631 F.2d 1154 (4th Cir.1980) (court-appointed physician who examines patient in connection with involuntary commitment proceedings is not a state actor). Likewise, the Fourth Circuit has expressly held that a physician who is compensated by the state is not a state actor for purposes of Section 1983 where the bulk of compensation is derived from private practice. *See* Calvert v. Sharpe, 748 F.2d 861 (4th Cir.1984).

**b. LNRMC**

Plaintiff's claims against the hospital must also be dismissed for want of state action. The Fourth Circuit explained in Brewster v. John Doe that receipt of federal funds does not transform a private hospital into a state actor. *See* Brewster v. John Doe, 838 F.2d 465 (4th Cir.1987) (*unpublished*) (*citing* Modaber, M.D., v. Culpepper Memorial Hosp., 672 F.2d 1023 (1982)).

4

## IV. Order

For the reasons set forth by the Defendants' respective memoranda, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[3]

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is hereby **DISMISSED.** To the extent Plaintiff alleges a medical malpractice action, the claim is **DISMISSED WITHOUT PREJUDICE**.[4] Plaintiff's Section 1983 claim is **DISMISSED WITH PREJUDICE**.

Signed: April 1, 2009

Richard L. Voorhees
United States District Judge

---

[3] To the extent Plaintiff alleges state law claims not specifically addressed herein, the Court declines to exercise supplemental jurisdiction.

[4] *See* Whedon v. Whedon, 328 S.E.2d 437, 445 (N.C. 1985) (trial judge has discretion to dismiss medical malpractice claim without prejudice where dismissal is required pursuant to failure to comply with Rule 9(j)).